IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| DERRICK MANESS | ) | |
| | ) | **COMPLAINT** |
| Plaintiff, | ) | |
| v. | ) | Case No.: 2:21-cv-322 |
| | ) | |
| PORTFOLIO RECOVERY ASSOCIATES, LLC | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendant. | ) | |

**COMPLAINT AND JURY DEMAND**

COMES NOW, Plaintiff Derrick Maness, by and through the undersigned counsel, and for his Complaint against Defendant, Portfolio Recovery Associates, LLC under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), states as follows:

**JURISDICTION AND VENUE**

1. This court has jurisdiction of the federal claim under 15 U.S.C. § 1692k(d).

2. Venue is proper because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

3. Under 28 U.S. Code § 1391(b)(2) a civil action may be brought in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

4. Under 28 U.S. Code § 1391(d) when a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate state.

5. Plaintiff resides in the city of Gilmer, a part of Upshur County, Texas.

1

6. The acts that occurred giving rise to this complaint occurred while Plaintiff was in the city of Gilmer, a part of Upshur County, Texas, making Marshall a proper venue under 28 U.S. Code § 1391(b)(2).

7. Defendant, a Delaware corporation headquartered in Norfolk, Virginia practices as a debt collector throughout the country, including Texas.

8. Defendant is registered with the Secretary of State in Texas.

9. Defendant attempts to collect alleged debts throughout the state of Texas, including in Upshur County.

10. Defendant has actual knowledge of where Plaintiff resided, and by attempting to collect from Plaintiff, purposefully availed itself to the jurisdiction in which Plaintiff resided.

11. Defendant has sufficient minimum contacts with this venue as the alleged injuries caused to Plaintiff were caused while Plaintiff was in the city of Gilmer, county of Upshur, Texas and Defendant attempts to collect alleged debts throughout the state of Texas.

12. As Defendant knowingly attempted to collect on a debt allegedly incurred in Gilmer, Texas, it thus has sufficient minimum contacts with this venue is additionally proper under 28 U.S. Code § 1391(b)(1).

## STANDING

13. Plaintiff has a congressionally defined right to receive all communications from a debt collector free from any misrepresentations and false threats.

14. Plaintiff has thus suffered an injury as a result of Defendant's conduct, giving rise to standing before this Court. Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1544 (2016), quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 580 (1992) (Congress has the power to define injuries and articulate chains of causation that will give rise to a case or controversy where none existed before.); Bellwood v. Dwivedi, 895 F. 2d 1521, 1526-27 (7th Cir. 1990) ("Congress can create new substantive

rights, such as a right to be free from misrepresentations, and if that right is invaded the holder of the right can sue without running afoul of Article III, even if he incurs no other injury[.]").

15. "Without the protections of the FDCPA, Congress determined, the '[e]xisting laws and procedures for redressing these injuries are inadequate to protect consumers.'" Lane v. Bayview Loan Servicing, LLC, No. 15 C 10446, 2016 WL 3671467, at *3 (N.D. Ill. July 11, 2016)(quoting 15 U.S.C. § 1692(b)). Thus, a failure to honor a consumer's right under the FDCPA constitutes an injury in fact for Article III standing. See id. at *3 (holding that a consumer "has alleged a sufficiently concrete injury because he alleges that [Defendant] denied him the right to information due to him under the FDCPA."); see also Church v. Accretive Health, Inc., No. 15-15708, 2016 WL 3611543, at *3 (11th Cir. July 6, 2016) (holding that consumer's § 1692g claim was sufficiently concrete to satisfy injury-in-fact requirement).

16. "[E]ven though actual monetary harm is a sufficient condition to show concrete harm, it is not a necessary condition." Lane, 2016 WL 3671467 at *4.

## PARTIES

17. Plaintiff, Derrick Maness, (hereafter "Plaintiff"), is a natural person currently residing in the State of Texas.

18. Plaintiff is a "consumer" within the meaning of the Fair Debt Collection Practices Act.

19. Defendant PRA is a Delaware company engaged in the business of collecting debts, using mails and telephone in this state with its principal place of business located at 120 Corporate Blvd., Norfolk, Virginia 23502.

20. Defendant is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

21. Defendant regularly collects or attempts to collect defaulted consumer debts due or asserted to be due another, and is a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

## **FACTUAL ALLEGATIONS**

22. Plaintiff is a natural person allegedly obligated to pay a debt asserted to be owed to a Creditor other than Defendant.

23. On a date better known by Defendant, Defendant began to attempt collection activities on Plaintiff's alleged debt.

24. On or about August 27, 2020, Plaintiff had a telephone conversation with Defendant regarding an alleged debt allegedly owed by Plaintiff.

25. The alleged debt was said to be owed for a personal credit card and would only have been incurred for personal or family use.

26. The alleged debt was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

27. The telephone call is a "communication" as defined by 15 U.S.C. § 1692a(2).

28. During the telephone call, Plaintiff stated he did not owe the alleged balance reporting.

29. At that point in time, Plaintiff had effectively disputed the alleged debt.

30. Rather than accept his dispute, Defendant immediately attempted to convince Plaintiff to enter into a settlement arrangement.

31. Defendant's representative could have no other purpose in making this offer unless he were trying to force Plaintiff to pay on an alleged debt that Plaintiff clearly did not believe he owed and would not have otherwise paid.

32. Defendant's representative attempted to confiscate the dispute process and tried to stymie Plaintiff's attempts to exercise his rights under the FDCPA.

33. Defendant's representative continued on by advising Plaintiff in order to have the alleged debt removed from his credit, Plaintiff was required to pay the alleged debt.

34. This is untrue as there are numerous reasons a debt may be removed from the credit, including after a dispute investigation discovers an account is invalid.

35. Defendant could have no other purpose than commenting on Plaintiff's credit in this manner than to attempt to convince him to pay the alleged debt in order to protect his financial health and credit score.

36. Defendant knew, or should have known, that the above statements were false, misleading, and harassing in nature.

37. All of Defendant's actions complained of herein occurred within one year of the date of this Complaint.

38. Defendant's conduct has caused Plaintiff to suffer damages including but not limited to the loss of time incurred by Plaintiff as well as attorneys' fees paid for advice regarding his situation.

39. Congress has found that "[a]busive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a).

40. Here, Plaintiff has suffered an injury-in-fact in at least one of the manners contemplated by Congress when it passed the FDCPA because of Defendant's conduct.

41. Defendant's action has created an appreciable risk of harm to the underlying concrete interests that Congress sought to protect in creating the FDCPA.

42. Plaintiff would have pursued a different course of action had Defendant not violated the statutory protections created by Congress.

43. Plaintiff attempted to pursue his rights yet was left with no actual knowledge as to how to proceed based on Defendant's actions.

44. Defendant's denial of Plaintiff's rights caused harm in the form of impaired credit, no plausible way of ascertaining the status of his debt in order to make a rational determination as to how

to proceed and forcing him to make financial decisions based on misinformation and engage in financial planning based on incorrect facts.

47. Plaintiff's injury-in-fact is fairly traceable to the challenged representations of Defendant.

46. Plaintiff's injury-in-fact is likely to be redressed by a favorable decision in this Court.

47. Defendant's collection communications are to be interpreted under the "least sophisticated consumer" standard. See, Goswami v. Am. Collections Enter., Inc., 377 F.3d 488, 495 (5th Cir. 2004); Taylor v. Perrin, Landry, deLaunay & Durand, 103 F.3d 1232, 1236 (5th Cir.1997) (When deciding whether a debt collection letter violates the FDCPA, this court "must evaluate any potential deception in the letter under an unsophisticated or least sophisticated consumer standard.") See Also, Goswami, 377 F.3d at 495. (We must "assume that the plaintiff-debtor is neither shrewd nor experienced in dealing with creditors.")

## COUNT I: Violations Of § 1692e Of The FDCPA – False Representation Of The Character, Amount, or Legal Status of The Alleged Debt

48. Plaintiff incorporates by reference all other paragraphs of this Petition as if fully stated herein.

49. Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt, including, but not limited to, the false representation of the character, amount, or legal status of any debt. See, 15 U.S.C. § 1692e(2).

50. Defendant used false representations or deceptive means to collect or attempt to collect a debt or obtain information concerning the Plaintiff, in violation of 15 U.S.C. § 1692e(10).

51. Defendant's collection efforts only serve to confuse and mislead the consumer.

52. Defendant's collection efforts were materially false, misleading, and deceptive.

53.     Defendant's violation of § 1692e of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Derrick Maness prays that this Court:

 A. Declare that Portfolio Recovery Associates, LLC's debt collection actions violate the FDCPA;

 B. Enter judgment in favor of Plaintiff Derrick Maness and against Portfolio Recovery Associates, LLC for actual and statutory damages, costs, and reasonable attorneys' fees as provided by §1692k(a) of the FDCPA; and

 C. Grant other such further relief as deemed just and proper.

## COUNT II: Violations Of § 1692d Of The FDCPA – Harassment or Abuse, False or Misleading Representation

54.     Plaintiff incorporates by reference all other paragraphs of this Petition as if fully stated herein.

55.     Section 1692d prohibits any debt collector from engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

56.     Portfolio Recovery Associates, LLC's communications with Plaintiff were meant to shame, embarrass, and harass Plaintiff by misrepresenting the alleged debts status.

57.     Portfolio Recovery Associates, LLC's violation of § 1692d of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Derrick Maness, prays that this Court:

 A. Declare that Portfolio Recovery Associates, LLC's debt collection actions violate the FDCPA;

B.   Enter judgment in favor of Plaintiff Derrick Maness, and against Portfolio Recovery Associates, LLC, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by §1692k(a) of the FDCPA; and

C.   Grant other such further relief as deemed just and proper.

### COUNT III: Violations Of § 1692f Of The FDCPA –Unfair Practices

58.   Plaintiff incorporates by reference all other paragraphs of this Petition as if fully stated herein.

59.   Section 1692f prohibits the use of unfair and unconscionable means to collect a debt.

60.   Portfolio Recovery Associates, LLC's communications with Plaintiff were deceptive and misleading.

61.   Portfolio Recovery Associates, LLC used unfair and unconscionable means to attempt to collect the alleged debt.

62.   Portfolio Recovery Associates, LLC's violation of § 1692f of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Derrick Maness prays that this Court:

A.   Declare that Portfolio Recovery Associates, LLC's debt collection actions violate the FDCPA;

B.   Enter judgment in favor of Plaintiff Derrick Maness, and against Portfolio Recovery Associates, LLC for actual and statutory damages, costs, and reasonable attorneys' fees as provided by §1692k(a) of the FDCPA; and

C.   Grant other such further relief as deemed just and proper.

### JURY DEMAND

63.   Plaintiff demands a trial by jury on all Counts so triable.

Dated: August 26, 2021

        Respectfully Submitted,

        **HALVORSEN KLOTE**

By:   /s/ Samantha J. Orlowski

        Samantha J. Orlowski, #72058
        Joel S. Halvorsen, #67032
        680 Craig Road, Suite 104
        St. Louis, MO  63141
        P: (314) 451-1314
        F: (314) 787-4323
        sam@hklawstl.com
        joel@hklawstl.com